**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAIAH NEAL,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>TROY E. MEINK, Secretary of the Air Force; UNITED STATES DEPARTMENT OF THE AIR FORCE; DAVID S. CRUIKSHANK; DOUGLAS C. FITZPATRICK; KYLE KOWALCHUK; ELIZABETH ANNE MCDUFFIE; UNITED STATES OF AMERICA,<br><br>          Defendants - Appellees. | Nos. 24-1286, 24-2403<br><br>D.C. No. 2:20-cv-02281-JAD-NJK<br><br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Isaiah Neal appeals pro se from the district court's summary judgment and dismissal order in his action alleging Title VII violations arising from his employment with the Air Force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021) (decision on cross-motions for summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Neal's retaliation claim because Neal failed to raise a genuine dispute of material fact as to whether defendants' legitimate, nonretaliatory reasons for terminating his employment were pretextual. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005) (explaining that when a plaintiff relies on circumstantial evidence to show pretext, the evidence must be "specific and substantial to defeat the employer's motion for summary judgment" (citation omitted)).

The district court properly dismissed Neal's discrimination and hostile work environment claims because Neal failed to allege facts sufficient to state the requirements of either claim. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-42 (9th Cir. 2003) (setting forth elements of discrimination and hostile work environment claims under Title VII).

The district court did not abuse its discretion in denying Neal's motions to

compel discovery because Neal did not demonstrate actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's decision to deny discovery will not be disturbed except upon a clear showing that denial of discovery results in actual and substantial prejudice).

The district court did not abuse its discretion in taxing costs against Neal because Neal did not establish a reason to deny costs. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (setting forth standard of review and explaining that "[u]nder Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs" and "[t]o overcome this presumption, a losing party must establish a reason to deny costs").

Neal's motion (Docket Entry No. 47 in Appeal No. 24-1286; Docket Entry No. 41 in Appeal No. 24-2403) to expedite is denied.

**AFFIRMED.**